STATE of Missouri,
Plaintiff-Respondent,

v.

David Manuel GIST,
Defendant-Appellant.

No. 11449.

Missouri Court of Appeals,
Southern District,
Division Three.

May 7, 1980.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, S. Francis Baldwin, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

James E. Spain, Briney, Welborn & Spain, P. C., Bloomfield, for defendant-appellant.

BILLINGS, Presiding Judge.

In this jury-waived burglary and stealing case defendant David Manuel Gist was found guilty and sentenced to concurrent prison terms. His only point in this appeal is that because the arresting officers lacked probable cause for his arrest, his motion to suppress evidence which was seized as an incident to his arrest should have been sustained. We affirm.

On the evening of February 6, 1979, Troopers Clayton and Plunkett of the Missouri State Highway Patrol were on patrol in Dunklin County. It had been snowing on and off most of the afternoon and evening that day. At approximately 6:30 and 9:00 p. m. the officers had checked a farm shed which was located on Route CC in the Octa community and owned by Allen Brewer. Trooper Clayton and Brewer were close personal friends and because Brewer was going away on a trip, he had requested the officer to "keep an eye on things." Tools and various items of personal property were kept in the shed.

After their second inspection of the shed, the officers drove the two-tenths of a mile from the shed to Highway 25. When they stopped before entering Highway 25, they saw a 1972 pickup truck parked at a construction site driveway across the Highway and opposite the Octa General Baptist Church. Snow had accumulated on this vehicle. The officers then followed a snow-plow along Highway 25 to Senath, Missouri, some three or four miles distance. Traffic was almost non-existent because of the adverse weather conditions. At Senath, the officers turned around and headed back along the highway toward Kennett. As they neared the Octa community they saw a pickup truck approaching the highway along Route CC and coming from the direction of the Brewer shed. When this truck reached the highway it did not stop at the stop sign but crossed the highway and drove down a gravel road which bordered the church property. A 1974 pickup truck had backed into the church driveway and this 1972 truck stopped a short distance from the parked truck and turned off its lights. The officers pulled in behind the vehicles and recognized this 1972 truck as being the same one they had seen parked at the construction site less than an hour earlier. Because of the lack of snow accumulation on the 1974 truck, the officers concluded that this vehicle must have been recently parked there.

Defendant was driving the 1972 truck and it bore Arkansas license plates. The 1974 truck had Missouri plates. Defendant, while sitting in the patrol car, produced an Arkansas driver's license but said he was from Steele, Missouri. He said the truck he was driving belonged to Buddy Holt and that the 1974 truck belonged to Holt or the latter's sister and "they" were presently at a Kennett tavern, several miles away. While Trooper Clayton was checking license plate and driver's registration via radio, Trooper Plunkett walked over to the 1974 truck and looked through the window. He saw a large quantity of tools on the seat and floor of the truck. Plunkett requested

Trooper Clayton to look at the tools and this officer recognized tools that he had helped Brewer engrave and which he knew were previously stored in the farm shed. Defendant, who had previously told the officers he was "lost" and attempting to drive to Steele, was then arrested. Keys which were on the key ring in the 1972 truck were found to fit the 1974 truck. A flashlight, screwdriver, and socket wrench, all identified as owned by Brewer, were found in the 1972 truck or on defendant's person. The tools observed in the 1974 truck belonged to Brewer and an investigation by the officers revealed the shed had been burglarized.

■ The applicable standard of whether or not "probable cause" existed for an arrest, without a warrant, is stated in *State v. Wiley*, 522 S.W.2d 281 (Mo. banc 1975).

"The lawfulness of the arrest without warrant, in turn, must be based upon probable cause, which exists 'where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.' *Brinegar v. United States*, 338 U.S. 160, 175, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879, 1890 (1949), quoting from *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, [555], 39 A.L.R. 790 (1925)." *Ker v. California*, 374 U.S. 23, 34–35, 83 S.Ct. 1623, 1630, 10 L.Ed.2d 726 (1963).

"Whether there was probable cause to arrest the appellant along with others in the apartment depends on the information in the officers' possession prior to the arrest. Of course, all the information in the possession of the officers and all reasonable inferences therefrom are pertinent to determine probable cause. Whether there is justification for probable cause to arrest without warrant must be determined by practical considerations of everyday life on which reasonable men act and is not to be determined by hindsight by legal technicians. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The determination of probable cause depends upon the particular facts and circumstances of the individual case and no ready 'litmus paper test' can be applied. Probable cause may be based on hearsay." 522 S.W.2d at 287. See, also; *State v. Howell*, 524 S.W.2d 11 (Mo. banc 1975), and *State v. Moore*, 580 S.W.2d 747 (Mo. banc 1979).

■ "There is a broad gulf between what is required to prove guilt and the requirement of probable cause." *State v. Wiley*, supra, at 287. The testimony by the officers establish they had probable cause to arrest the defendant and the trial court correctly overruled defendant's motion to suppress evidence. Defendant was operating a vehicle owned by Buddy Holt that had been parked across from the Octa church less than an hour earlier and this truck was seen coming from the direction of the tool shed. Defendant did not stop the vehicle when it reached Highway 25 but drove across the highway onto a gravel road and stopped next to the truck containing the stolen tools and turned its lights off. The 1974 truck had been backed into the church driveway and appeared to have been parked there for only a short time. Defendant had knowledge as to the ownership of the 1974 truck, which bore Missouri license plates, and the alleged whereabouts of the owners. He was driving a truck bearing Arkansas license plates and possessing an Arkansas driver's license but claiming to be a resident of Steele, Missouri. Another circumstance was defendant's "explanation" that he was lost and looking for the road to Steele on a night when there was little or no traffic because of the adverse weather conditions. The foregoing facts and circumstances, together with reasonable inferences, warranted the officers to conclude defendant was linked to the stolen tools visible in the 1974 truck.

All concur.